IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SAMUEL JEFFERSON,

    Plaintiff,

vs.                                                                                    No. 15-2176-JDT-dkv

THE WORLD BANK and its CEO(s)
And its non-American Shareholders
Of Eastern Discent [sic];
IRAN; ASIA MINOR; ASIA; and
COFFEE [sic] ANNON [sic],

    Defendants.

REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

On March 13, 2015, the plaintiff, Samuel Jefferson ("Jefferson"), a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on March 17, 2015, the court granted leave to proceed *in forma pauperis*. (ECF No. 4.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed as frivolous.

I. PROPOSED FINDINGS OF FACT

In his complaint, Jefferson states:

(1) I claim that the World Bank did knowingly go on the highway in concert with it [sic] top shareholders and constituents of the entire Eastern part of its world financial bussiness [sic], to prevent me, Samuel Jefferson from impacting Eli Lilly for billions of dollars in capital, as the (7) seven year case involving three separate claims against Lilly surley [sic] did reach into the hundreds of millions of dollars which more circumstantially ended up being set for alternative dispute resolution, 16.01 in three cases. The World Bank had power, money and political/social impacts by the mechanism of Samuel Jefferson's formidable litigation against (Lilly)[.]

(2) I claim that the World Bank did act as the culprit and instigator in the conspiracy to assassinate Samuel Jefferson in three Tennessee prisons by potentially lethal injections; poison in capsules; and by physical violence from an inmate. World Bank and its top shareholders of Eastern discent [sic] did conspire to have Jefferson home invaded on August 15th of 2014 by four men of African discent [sic] one of which spoke in an African accent. There four men on the late night of August 15th, 2014, did somehow manage to breach the lock on Samuel Jefferson's door at the address of 3396 Raleigh Millington Rd. After entering the premises unlawfully, these four assailants did enter the bed chamber of the house where the one with the accent did all of the talking while one of the other three held an automatic weapon to Jefferson's head. The man said "you will come with me to your desk, and you'll type a dismissal of your lawsuits entirely or you'll die tonight." Unquote. All of his other words were directed to the three assailants which were his partners. Before he started his entended [sic] plan to take me into the office, he pushed me down into the chaire [sic] and pulled my shoe and sock off of my right

> boot, and began to inject me with something. It
> made my heart race, and then he produced a crack
> pipe on which cocaine is smoked. I was made by
> force to smoke a large rock of crack which tasted
> of insecticide. I panicked and bolted, and
> somehow managed to break through the living room
> window, as the other two men were going through
> my legal files. The one with the gun did fire
> a shot close to me as I hit him with the full
> force of my body. The police and ambulance
> report of Methodist North confirms the claims
> of this report.

(Compl., ECF No. 1 at 5-8.)

The complaint includes six more paragraphs alleging a conspiracy between World Bank, its CEOs and shareholders, Iran, Asia, and Kafi Annan to sabotage and prevent his participation in pursuing his lawsuits against Eli Lilly.

In his Request for Judgment, Jefferson asks for the following:

> (1) That World Bank pay to the plaintiff 100% one hundred percent of its financial power only as a transfer [sic] of complete world surplus into the custody of the Federal Reserve Bank of America, where no country including Iran and Asia would lose their surpluses, and that the World Bank do pay the plaintiff 10% as a true remedy in equity.
>
> (2) That Iran withdraw from its participation in these ongoing assaults, as case 3:10-754 is still open against one of the defendants.
>
> (3) That the remaining defendants including CEOs declare that they will stop these attacks on Samuel Jefferson in the free world and everywhere possible.

(*Id.*, at 14-15.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

### B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly

suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

5

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Factually Frivolous Claims</u>

Jefferson's claims are factually frivolous. His claims that World Bank, its CEOs and shareholders, the country Iran, the peninsula Asia Minor, the continent Asia, and Kafi Annan, former secretary general to the United Nations and a recipient of the Nobel Peace Prize, have conspired to assassinate and assault him, forced him to smoke crack cocaine, and had injections of unknown drugs administered to him against his will are "clearly baseless," "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Jefferson's claims are clearly baseless and delusional and thus factually frivolous, *Huey v. Raymond*, 53 F. App'x 329, 330-31 (6th Cir. 2002), and lack an arguable basis in law and fact.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), and judgment be entered for the defendants.

Respectfully submitted this 18th day of March, 2015.

                                        s/Diane K. Vescovo
                                        DIANE K. VESCOVO
                                        UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14)

days after being served with a copy.  FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.