IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2176-JDT-dkv |
| | ) | |
| THE WORLD BANK, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Samuel Jefferson, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on March 13, 2015, along with a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Diane K. Vescovo subsequently granted leave to proceed *in forma pauperis*. (ECF No. 4.) On March 18, 2015, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended that the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (ECF No. 5.) Objections to the R&R were due within 14 days, on or before April 6, 2015. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a)(1)(C), (d). However, Plaintiff has filed no objections.

Plaintiff alleges in his complaint that the World Bank, its CEOs and shareholders, Iran, Asia Minor, Asia and Kofi Annan have conspired to assassinate him and to have him

assaulted by forcing him to smoke crack cocaine and forcibly injecting him with unknown drugs. Magistrate Judge Vescovo found these allegations to be "clearly baseless," "fanciful," "fantastic," or "delusional," thus warranting *sua sponte* dismissal as frivolous. The Court agrees with that recommendation and finds it unnecessary to issue a more detailed written opinion. Therefore, the Court ADOPTS the R&R and hereby DISMISSES this case as frivolous, pursuant to § 1915(e)(2)(B)(i).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d

1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as frivolous also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.